USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9-2-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BENIHANA, INC., as successor to BENIHANA
NATIONAL CORP.,

                              Petitioner,

          -v-

BENIHANA OF TOKYO, LLC, as successor to
BENIHANA OF TOKYO, INC.,

                              Respondent.

------------------------------------------------------------X

15 Civ. 7428 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed the application by Benihana, Inc. ("BI") for an award of reasonable attorney's fees and costs associated with confirmation of the arbitral award in this case. Dkt. 48 ("Fein Decl."). BI seeks $11,687.50 in fees; it does not appear to seek any costs. *Id.* at ¶ 6. Benihana of Tokyo, LLC ("BOT") opposes BI's application on various grounds. Dkts. 49–50.

For two independent reasons, the Court's judgment is not to award BI any fees.

First, by its own account, BI's time records do not isolate any work its attorneys spent on projects directed at or necessary for the confirmation of the award. Instead, as BI explains, its work was overwhelmingly directed at its attempt to obtain a partial vacatur of the award—specifically, the part that held that BI's termination of BOT's license agreement was unreasonable. The Court declined to order that relief. As a result, BI's fee application is based exclusively on assumptions about the amount of work that its professionals would have undertaken had BI attempted solely to obtain wholesale confirmation; BI cannot identify any

actual time entry capturing work necessary for a motion for confirmation. *See* Fein Decl. at ¶ 5. Under these circumstances, a fee award is not appropriate. While BI's decision to focus its work on its paramount objective of vacating the portion of the award with which it disagreed is understandable, the absence of any contemporaneous billing records corroborating its claim as to the work attributable to obtaining confirmation of the award impairs the Court's—and BOT's—ability to reliably assess BI's claims as to the amount of work on tasks necessary to achieve wholesale confirmation. For this reason, any award would be based unacceptably on conjecture. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983) ("All applications for attorney's fees. . . should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done."). In so holding, the Court does not, of course, discredit Mr. Fein's good faith assumptions as the amount of work that a petition for confirmation would have entailed. The basis of the Court's ruling is instead the lack of required documentary corroboration.

Second, the award was very much a "split decision." Although aspects of the award (notably its finding of certain breaches and its award of injunctive relief) favored BI, the panel majority's finding that BI's termination was unreasonable was a substantial defeat for BI. Judicial confirmation of the award thus had benefits and costs for each party. Confirmation could equally have been sought by either party, and, notably, it was BOT, not BI, that sought wholesale confirmation of the award. Under these circumstances, the Court is unpersuaded that BI has a greater entitlement than BOT to an award of fees in connection with the confirmation proceedings before this Court so as to make an award in BI's favor reasonable.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 2, 2016
       New York, New York